**Darryl D. JACKSON, Plaintiff–Appellant,**

v.

**Carl BRADLEY and Donald G. Wegener, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Oct. 29, 1998.

Permission to Appeal Denied by Supreme Court March 8, 1999.

---

4. Inasmuch as the record contains no evidence that the construction company offered to perform the contract after February 8, 1996, when the building inspector performed his final inspection, we need not address what effect, if any, the inspector's subsequent discovery of the ceiling's code violation had on the Colemans' obligation to close the sale.

Timothy A. Priest, Pryor, Flynn, Priest & Harber, Knoxville, for plaintiff-appellant.

Linda J. Hamilton, Mowles, Lewis, King, Krieg, Waldrop & Catron, P.C., Knoxville, for defendant-appellee Carl Bradley.

Ronald T. Hill, Spicer, Flynn & Rudstrom, PLLC, Knoxville, for defendant-appellee, Donald G. Wegener.

## OPINION

FRANKS, J.

In our opinion filed February 3, 1998, we affirmed the Trial Court's action in directing a verdict for the defendants in this action for injuries resulting from a fall on defendants' premises. Subsequent to our Opinion, the Supreme court released *Coln v. City of Savannah*, 966 S.W.2d 34 (Tenn.1998), and in responding to a rule 11 application, that Court remanded with instructions that we apply the analysis adopted in *Coln.*

Our evidentiary summary set forth in our prior Opinion will not be repeated. Under the analysis required by *Coln*, we conclude that the Trial Court erred in granting a directed verdict on the "open and obvi-

ous" character of the hazard. In *Coln*, the Court held that the "open and obvious" rule is no longer a complete bar to recovery in premises liability actions. Under *Coln*, the open and obvious nature of a danger "does not *ipso facto*, relieve a defendant of a duty of care." *Id.* at 43. Rather, "the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternate conduct that would have prevented the harm." *Id.* The existence of a duty is a question of law. *Blair v. Campbell*, 924 S.W.2d 75 (Tenn. 1996). Only after a duty has been established does comparative fault become part of the analysis. *Coln*, 966 S.W.2d at 42.

In this case, the evidence supports the conclusion that appellees owed the appellant a duty of care. Generally, premises owners owe guests or invitees a duty of reasonable care under all the circumstances. *Eaton v. McLain*, 891 S.W.2d 587 at 593 (Tenn.1994). Thus, owners generally have a duty to maintain their premises in a reasonably safe condition. *Id.*

In *Coln*, the Court endorsed the principles contained in the Restatement (Second) of Torts § 343(A). This section provides guidance:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Thus, a premises owner may owe a duty to visitors if the owner can anticipate harm, even if a hazard is open and obvious. "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Restatement (Second) of Torts, § 343(A) (comment f). Generally, "[a] risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995) (citation omitted).

While the evidence indicates that the depression in the paved area was an open and obvious condition, under the principles announced in *Coln*, however, appellees owed a duty to appellant. Although the depression was in a "through-way" part of the parking lot and not a main parking area, it was foreseeable that people would cross that area to get to the field. Additionally, the baseball clinic was conducted with the knowledge and permission of at least one of the appellees, and it was reasonable to expect that the pedestrians crossing the parking lot might be distracted by vehicular traffic. Appellee Bradley stated that he knew that participants would walk in this area to reach the clinic. He also knew of the depression in this area. Given the pedestrian traffic in this area and the risk of injury, the cost of some type of repair or warning would not have been overly burdensome. Thus, the evidence supports the conclusion that appellees owed a duty to appellant, despite the obvious nature of the hazard.

The Trial Court also concluded that reasonable minds would not differ that the appellant's negligence was greater than that of the appellees. Under *Coln*, a directed verdict "remains appropriate if the court evaluates the evidence in a light most favorable to the plaintiff and determines that reasonable minds could not differ in finding that the fault of the plaintiff was equal or greater than the fault of the defendant." 966 S.W.2d at 43.

The evidence shows that appellant failed to see the uneven condition of the pavement before he fell, and that it was a clear day and there was nothing obstructing appellant's view. His attention, however, was diverted by two events. Under these circumstances, it was error to grant the directed verdict. A trier of fact should have been permitted to allocate percentages of fault and evaluate the parties' conduct. Accordingly, we reverse the judgment of the Trial Court and remand-

ed for a new trial with cost of the cause assessed to appellees.

DON T. McMURRAY, J., and WILLIAM H. INMAN, Sr.J., concur.