IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 4, 1999 Session

## KENNETH N. PSILLAS, ET AL. v. HOME DEPOT, U.S.A., INC.

**Appeal from the Circuit Court for Williamson County**
**No. II-96722      Russ Heldman, Judge**

---

### No. M1999-00064-COA-R9-CV - Filed July 27, 2001

---

This appeal involves an eight-year-old boy who was injured while playing on a roll of carpet in a home improvement store. The child and his parents filed a negligence action against the home improvement retailer in the Circuit Court for Williamson County. After extensive discovery, the retailer moved for summary judgment on the ground that the child and his parents had failed to demonstrate that they would be able to prove all the necessary elements of their negligence claim. The child and his parents responded that they had presented sufficient evidence to make out their claim based on the doctrine of res ipsa loquitur. The trial court denied the motion for summary judgment but authorized the retailer to pursue a Tenn. R. App. P. 9 interlocutory appeal. We have determined that the trial court erred by denying the retailer's summary judgment motion because the boy and his parents have not presented sufficient evidence to invoke the res ipsa loquitur doctrine. Accordingly, we reverse the order and remand the case to the trial court with directions that the case be dismissed.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Richard D. Moore, Nashville, Tennessee, for the appellant, Home Depot U.S.A., Inc.

Irwin J. Kuhn and Daniel B. Eisenstein, Nashville, Tennessee, for the appellees, Kenneth N. Psillas, A Minor, and Nicholas S. Psillas and Deborah K. Psillas.

### OPINION

Sometime during the late afternoon of November 6, 1995, Nicholas Psillas and Deborah Psillas went to the Home Depot store near Cool Springs Galleria to examine a sample of carpet favored by one of Mr. Psillas's customers. They were accompanied by their ten-year-old daughter and eight-year-old son. While Mr. and Ms. Psillas were talking with a salesperson, their children wandered off unsupervised into the next aisle.

The children climbed onto a large roll of carpet that rocked back and forth. The Psillases' daughter got off the carpet roll and began pushing it to make it rock faster. At that point, her brother began to fall from the carpet. He extended his left arm to block his fall and to prevent his head from hitting something. As the child fell to the floor between two roles of carpet, he cut his left forearm on something sharp. The child did not realize he had been cut until a Home Depot employee moved one of the rolls of carpet and noticed the cut on his arm.

The Home Depot employee escorted the children back to their parents in the next aisle. When the Psillases discovered that their son had been hurt, they administered first aid and drove him to the Williamson County Medical Center for treatment. There, Dr. John R. Moore treated him for a four to five inch cut on his left forearm. Dr. Moore recalled that "nobody was really certain and it was very vague as to what he [the boy] really cut himself on." Dr. Moore speculated that it was a "fairly sharp" object like a "rough corner of a steel shelf, or it could have been glass. It could have been a nail, a screw, a blade, anything that was sharp enough to produce a linear laceration."

Immediately following the incident, Home Depot employees inspected the area where the boy had been injured but found nothing that could have cut the boy's arm except possibly a metal grout trowel. Ms. Psillas also returned to the store to inspect the area where her son had been injured, but she too found nothing that could have cut the boy's arm.

On November 1, 1996, the Psillases and their son filed a negligence action against Home Depot in the Circuit Court for Williamson County seeking $275,000 in damages. They alleged that Home Depot had failed to maintain its premises in a reasonably safe manner by allowing a sharp object to "protrude into an aisle" where the boy and other customers were walking. On February 27, 1998, following lengthy discovery, Home Depot moved for summary judgment on the ground that the Psillases had failed to demonstrate that they could prove all the essential elements of their negligence claim. Specifically, Home Depot argued that the Psillases could not prove that the boy was injured while walking in an aisle, and they could not identify the object that cut the boy's forearm. After further discovery, the Psillases asserted that they had established their case based on the doctrine of res ipsa loquitur.

At the conclusion of the hearing on Home Depot's summary judgment motion, the trial court observed that "there are some significant unknowns in this case." However, the trial court declined to grant summary judgment "because this store has all kinds of dangerous objects in it; and it would be reasonably foreseeable to the Court that these items can end up all over the store; a busy store that has a lot of traffic and a lot of these kinds of items, and children are involved." Concerned about the "significant unknown facts," the trial court also granted Home Depot permission to pursue a Tenn. R. App. P. 9 interlocutory appeal to this court. We granted Home Depot's application for an interlocutory appeal on May 12, 1999.

## I.
### STANDARD OF REVIEW

The standards for reviewing summary judgments on appeal are well-settled. Summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone.

*Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Church v. Perales*, 39 S.W.3d 149, 156 (Tenn. Ct. App. 2000). They are not, however, appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. Thus, a summary judgment should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion – that the party seeking the summary judgment is entitled to a judgment as a matter of law. *Webber v. State Farm Mut. Auto. Ins. Co.*, ___ S.W.3d ___, ___, 2001 WL 740770, at *2 (Tenn. 2001); *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001); *Goodloe v. State*, 36 S.W.3d 62, 65 (Tenn. 2001).

The party seeking a summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998); *Belk v. Obion County*, 7 S.W.3d 34, 36 (Tenn. Ct. App. 1999). In order to be entitled to a judgment as a matter of law, the moving party must either affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Byrd v. Hall*, 847 S.W.2d at 215 n. 5; *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

Once the moving party demonstrates that it has satisfied Tenn. R. Civ. P. 56's requirements, the non-moving party must demonstrate how these requirements have not been satisfied. *Nelson v. Martin*, 958 S.W.2d 643, 647 (Tenn. 1997). Mere conclusory generalizations will not suffice. *Cawood v. Davis*, 680 S.W.2d 795, 796-97 (Tenn. Ct. App. 1984). The non-moving party must convince the trial court that there are sufficient factual disputes to warrant a trial (1) by pointing to evidence either overlooked or ignored by the moving party that creates a factual dispute, (2) by rehabilitating evidence challenged by the moving party, (3) by producing additional evidence that creates a material factual dispute, or (4) by submitting an affidavit in accordance with Tenn. R. Civ. P. 56.07 requesting additional time for discovery. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d at 215 n. 6. A non-moving party who fails to carry its burden faces summary dismissal of the challenged claim because, as our courts have repeatedly observed, the "failure of proof concerning an essential element of a cause of action necessarily renders all other facts immaterial." *Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

## II.
### THE PSILLASES' PREMISES LIABILITY CLAIM

Home Depot's only argument on this appeal is that the trial court erred by denying its motion for summary judgment. It asserts that it is entitled to a judgment as a matter of law because the Psillases have failed to demonstrate that they will be able to prove all the essential elements of their negligence claim at trial. We agree because, based on the undisputed evidence, the Psillases have been unable to demonstrate that their son would not have been injured had it not been for Home Depot's negligence.

Owners or occupiers of business premises are not insurers of their customers' safety. *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 902 (Tenn. 1996); *Shofner v. Red Food*

*Stores (Tenn.), Inc.*, 970 S.W.2d 468, 470 (Tenn. Ct. App. 1997). However, because of their superior knowledge of the premises, *Dobson v. State*, 23 S.W.3d 324, 330 (Tenn. Ct. App. 1999), premises owners have a duty to use reasonable care to protect their customers from unreasonable risks of harm. *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998); *Hudson v. Gaitan*, 675 S.W.2d 699, 703 (Tenn. 1984); *Jackson v. Bradley*, 987 S.W.2d 852, 854 (Tenn. Ct. App. 1998). This duty includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired. *Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996); *Eaton v. McClain*, 891 S.W.2d 587, 593-94 (Tenn. 1994).

The courts, exercising their responsibility for determining whether a legal duty exists,[1] have declined to impose a legal duty on owners and occupiers of business premises in two circumstances. First, they have declined to impose a duty to protect against conditions from which no unreasonable risk of harm can be anticipated. *Rice v. Sabir*, 979 S.W.2d at 309. A risk of harm is unreasonable if the foreseeable probability and gravity of the harm outweigh the burden imposed on the defendant to engage in alternative conduct that would have prevented the harm. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Jackson v. Bradley*, 987 S.W.2d at 854; *Basily v. Rain, Inc.*, 29 S.W.3d 879, 883 (Tenn. Ct. App. 2000). Second, they have declined to impose a duty when the occupier neither knew about nor could have discovered the condition in the exercise of reasonable care. *Rice v. Sabir*, 979 S.W.2d at 309. The existence of a dangerous condition alone will not give rise to a duty "unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." *Rice v. Sabir*, 979 S.W.2d at 309. Thus, plaintiffs in premises liability cases must generally prove that the condition existed for such a length of time that the owner or occupier knew or, in the exercise of ordinary care should have known, of its existence. *Basily v. Rain, Inc.*, 29 S.W.3d at 883-84; *Hardesty v. Service Merchandise Co.*, 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997).

The fatal flaw in the Psillases' case is that they cannot identify the object or condition that cut their son when he fell off the roll of carpet on which he and his sister had been playing. Because this object or condition is unknown, the Psillases will never be able to prove that Home Depot's employees created the condition or that the condition had existed long enough to be discovered if Home Depot's employees had acted reasonably. Thus, the Psillases are missing an essential element of their case – proof that the condition existed for such a length of time that the premises owner knew, or in the exercise of ordinary care should have known, that the condition existed.

Sensing the shortcoming of their evidence, the Psillases attempt to shore up their case with the doctrine of res ipsa loquitur. While the mere occurrence of an injury is not by itself evidence of negligence, *Kilpatrick v. Bryant*, 868 S.W.2d 594, 599 (Tenn. 1993); *Memphis St. Ry. v. Cavell*, 135 Tenn. 462, 467, 187 S.W. 179, 180 (1916), the doctrine of res ipsa loquitur permits a fact finder to infer negligence from the circumstances surrounding an injury. *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 91 (Tenn. 1999). The doctrine is available only when the instrumentality that caused the

---

[1] *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998); *Blair v. Campbell*, 924 S.W.2d at 78; *Jackson v. Bradley*, 987 S.W.2d at 854.

harm was within the defendant's exclusive control, *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d at 91; *Armes v. Hulett*, 843 S.W.2d 427, 432 (Tenn. Ct. App. 1992), and when the plaintiff's injury could not have occurred without the defendant's negligence. *Provident Life & Accident Ins. Co. v. Professional Cleaning Serv.*, 217 Tenn. 199, 205, 396 S.W.2d 351, 354-55 (1965); *Cockrum v. State*, 843 S.W.2d 433, 438 (Tenn. Ct. App. 1992). Thus, the doctrine does not permit a fact-finder to fix liability on a sheer leap of faith when the plaintiff's injury could reasonably have occurred even without the defendant's negligence. *Underwood v. HCA Health Servs. of Tenn., Inc.*, 892 S.W.2d 423, 427 (Tenn. Ct. App. 1994).

The Psillases' reliance on the doctrine of res ipsa loquitur is misplaced for at least two reasons. First, they have failed to prove that the instrumentality that injured their son was under the exclusive control of Home Depot. Second, they have failed to present evidence from which a fact finder could reasonably conclude that the negligence of Home Depot's employees is the only cause of their son's injury. There are at least three other plausible explanations for the child's injury apart from Home Depot's negligence. Another customer could have left a sharp object in the aisle where the child was playing right before the injury without affording the Home Depot employees sufficient time to detect and remedy the condition. It is also possible that the child injured himself with a sharp object that he had taken from a nearby shelf. It is also possible that the child was injured on the part of a store fixture where customers would not reasonably have been expected to be present.[2]

Courts need not submit to the jury negligence cases containing only a spark or glimmer of evidence that requires the finder-of-fact to make a leap of faith to find the defendant liable for the plaintiff's injury. *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995); *Underwood v. HCA Health Servs. of Tenn.*, Inc., 892 S.W.2d at 427. The paucity of evidence in this case would require a reasonable fact finder to speculate in order to find that Home Depot's negligence proximately caused the boy's injuries. Accordingly, we have determined that Home Depot is entitled to a judgment as a matter of law.

## III.

We reverse the trial court's decision not to grant Home Depot summary judgment and remand the case with directions to grant Home Depot's summary judgment motion and to dismiss the complaint. We tax the costs of this appeal to Kenneth N. Psillas and Deborah K. Psillas for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[2]It is not necessarily foreseeable that parents will permit their children to climb on merchandise or to play unsupervised in a hardware store full of dangerous tools and implements. During oral argument, the Psillases asserted for the first time that Home Depot employees could have hidden or removed the dangerous condition or instrumentality between the time of the boy's injury and the time Ms. Psillas returned to the store to inspect the area. The record contains no demonstrable evidence consistent with this theory.