IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2003

## LABORATORY CORPORATION OF AMERICA  V. LACY AND ASSOCIATES, D/B/A OCCUPATIONAL MEDICINE WORKS

**Appeal from the Chancery Court for Davidson County**
**No. 99-3719-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2002-01837-COA-R3-CV- Filed January 29, 2004**

---

This dispute arose out of a breach of contract claim in which Plaintiff asserted Defendant owed upwards of $20,000.00 for goods and services provided from March 1996 through August 1997. Defendant raised affirmative defenses and filed a counterclaim for fraud, alleging that Plaintiff intentionally submitted false billings.  Plaintiff moved for summary judgment.  The Chancery Court granted Plaintiff's motion for summary judgment on the complaint and dismissed Defendant's counterclaim for fraud.  Defendant appealed.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Chancery Court**
**Affirmed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Lacy & Associates, Inc., d/b/a Occupational Medicine Works.

David O. Huff, Nashville, Tennessee, for the appellee, Laboratory Corporation of America.

### OPINION

I.  Facts and Procedural History

From March 1996 through August 1997 Plaintiff, Laboratory Corporation of America (LabCorp), sold laboratory goods and services on an open account to Defendant, Lacy and Associates, Inc., d/b/a Occupational Medicine Works (Lacy).  The initial agreement was for LabCorp to perform a hematocrit at a cost of $2.50; an ACP, HCL and HEMAGRAM for $6.75; and an ACP and HCL for $5.00 each.  LabCorp, however, asserts that these prices were not fixed and were "subject to annual and volume price increases."

In December 1999, LabCorp filed a complaint asserting that Lacy was indebted to LabCorp for $27,021.00 of goods and services plus pre-judgment and post-judgment interest. Lacy filed an answer admitting it was indebted to LabCorp, but disputing the amount owed and asserting numerous affirmative defenses, including unclean hands. Lacy also filed a counterclaim for fraud based on LabCorp's alleged practice of submitting false billings. Lacy stated that it had made payments toward the alleged false bills, had suffered financial injury and consequently requested damages in excess of $10,000 plus punitive damages.

Two years after commencement of the civil action, LabCorp filed a motion for sanctions against Lacy due to Lacy's repeated failures to comply with discovery. LabCorp claimed that Lacy had missed two discovery deadlines and requested that the trial court enter an order to not allow "Defendant [Lacy] to oppose, more than was done in its Discovery Responses, the averments contained in Plaintiff's Complaint or to support, more than was done in its Discovery Responses, its defenses to Plaintiff's Complaint and . . . deeming inadmissible any evidence not heretofore produced by Defendant." Lacy's response stated, "Defendant's delay was not intentional but due to the Defendant's underestimation of time required to comply with the request. . . . Defendant's corporate representation has been extremely ill and this has made compliance difficult." The trial court granted LabCorp's motion for sanctions after finding that Lacy had ignored the discovery requests and the court's order to compel responses to discovery. The trial court noted that Lacy had never presented an affidavit from its corporate representative or her physician to verify the extent of the illness claimed.[1] The sanctions imposed by the trial court were as follows:

> [D]ue to the defendant repeatedly ignoring requests for discovery and the Court's orders, the Court imposes the following sanction: the defendant shall be limited in its defense to the complaint to the responses it provided in its original responses to discovery and its first revised responses. The defendant shall be precluded from using proof in its defense outside of the information provided in the original responses and the first revised responses. The same holds true for the defendant/counter-plaintiff's counterclaim. The defendant/counter-plaintiff shall be limited, in proving the counterclaim, to the information provided in its original responses to discovery and the first revised responses.[2]

LabCorp filed the motion for summary judgment at issue on January 16, 2002, by which LabCorp sought damages against Lacy for its breach of contract and dismissal of Lacy's counterclaim for fraud. LabCorp's motion was supported by a statement of undisputed material

[1]Though not identifying her in the response, it is clear the corporate representative was Cathy Midkiff, president of Lacy.

[2]This order was entered on January 23, 2002. The discovery sanctions imposed by the trial court are not being challenged on appeal; however, the sanctions are relevant to this appeal.

facts, the affidavit of LabCorp's attorney, Beverly Hayden[3], and the affidavit of Neil Spalding, LabCorp's corporate credit officer. Lacy filed a response in opposition to Plaintiff's motion for summary judgment along with its Tenn. R. Civ. P. 56.03 statement of disputed facts and a response to Plaintiff's statement of undisputed material facts, all of which was supported primarily by the affidavit of Cathy Midkiff, Lacy's president. LabCorp then filed a motion to strike the affidavit of Cathy Midkiff along with Lacy's statement of material facts in dispute and portions of the exhibit attached to Lacy's response to LabCorp's motion for summary judgment. Attached to LabCorp's motion was the affidavit of Sherry Robertson, LabCorp's credit analyst/corporate collector. LabCorp also filed a response to Lacy's Tenn. R. Civ. P. 56.03 statement of material facts in dispute.

Following a hearing, the trial court granted in part and denied in part LabCorp's motion to strike.[4] Furthermore, the trial court granted LabCorp's motion for summary judgment, thereby granting LabCorp's breach of contract claim and dismissing Lacy's counterclaim for fraud. Specifically, the trial court awarded LabCorp a judgment of $20,839.42 but declined to award pre-judgment interest. Lacy filed a motion to alter or amend the order granting LabCorp's motion for summary judgment. It was denied. Lacy then filed a timely notice of appeal. The only issue on appeal is whether the trial court erred in granting LabCorp's motion for summary judgment on LabCorp's breach of contract claim and dismissal of Lacy's counterclaim.

II. Standard of Review

Summary judgments are proper in almost any civil case that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W. 3d 860, 863 (Tenn. Ct. App. 2001). Summary judgments are not appropriate, however, when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. Consequently, a motion for summary judgment should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support the conclusion that the party seeking the summary judgment, the moving party, is entitled to a judgment as a matter of law. *Webber v. State*

---

[3] Pursuant to a Notice to Substitute Counsel of Record dated February 28, 2003, David Huff was substituted as counsel of record for LabCorp in place of Beverly Hayden.

[4] With reference to the motion to strike, the trial court held:

> It appearing to the Court that certain documents attached to the Affidavit of Cathy Midkiff dated February 15, 2002, and identified in Plaintiff's Motion to Strike as Collective Exhibit A were previously ordered by this Court on January 23, 2002, to be inadmissible in defense of LabCorp's Complaint or in support of Lacy's Counter-claim, IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike be granted with regard to those documents. The Court denies Plaintiff's Motion to Strike with regard to the Affidavit of Cathy Midkiff and with regard to the Defendant's Rule 56.03 Statement of Disputed Facts. Instead, the Court elects to consider the Affidavit and the Rule 56.03 Statement in hearing Plaintiff's Motion for Summary Judgment and give them the weight deemed appropriate by the Court.

*Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001); *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001); *Goodloe v. State*, 36 S.W.3d 62, 65 (Tenn. 2001).

Summary judgments enjoy no presumption of correctness on appeal. *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001). Accordingly, we must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997); *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000). We must consider the evidence in the light most favorable to the non-moving party, and all inferences must be drawn in that party's favor. *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001). When reviewing the evidence, we must first determine whether a factual dispute exists. If we find that a factual dispute exists, we must determine if the fact is material to the claim or defense upon which the summary judgment is based and whether the disputed fact creates a genuine issue for trial. *Byrd*, 847 S.W.2d at 214.

The burden is on the moving party to prove that its motion satisfies the requirements of Tenn. R. Civ. P. Rule 56. *Staples*, 15 S.W.3d at 88; *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Once the moving party presents a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts which must be resolved by the trier of fact. *Staples*, 15 S.W.3d at 88 (citing *Byrd,* 847 S.W2d at 215). The nonmoving party may carry its burden by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06.

*McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998) (citing *Byrd,* 847 S.W.2d at 215).

III. Analysis

LabCorp's motion for summary judgment contains two elements: one, a request for damages against Lacy for its breach of contract, and the other, dismissal of Lacy's counterclaim for fraud.

Lacy sets forth two arguments as to why the trial court erred by granting summary judgment on LabCorp's complaint against Lacy for breach of contract. First, Lacy asserts that summary judgment is improper because LabCorp's motion for summary judgment was not supported by competent evidence as is required by Tenn. R. Civ. P. 56.04, specifically challenging the affidavit of Neil Spalding. Second, Lacy contends that the trial court failed to address its affirmative defense of unclean hands and that material, factual disputes existed as evidenced by the affidavits supporting

Lacy's Tenn. R. Civ. P. 56.03 statement of disputed facts.[5]   LabCorp counters asserting that there was no genuine issue as to any material fact and that the trial court's grant of summary judgment was properly supported by the record.  Specifically, LabCorp asserts that Lacy's Tenn. R. Civ. P. 56.03 statement of disputed facts does not set forth facts, only unsupported accusations which require no response.

Lacy next asserts that the elements of fraud in support of its counterclaim for fraudulent billing against LabCorp were undisputed, or at the very least disputed, particularly concerning the element of intent; therefore, dismissal of its counterclaim was error.  Moreover, Lacy argued that a claim for fraud is generally not disposed of on summary judgment.  LabCorp responded asserting that the trial court did address Lacy's counterclaim for fraud and that the claim was properly dismissed on summary judgment due to Lacy's failure to make out a *prima facia* case of fraud.

The law in Tennessee regarding the burden of proof needed for summary judgment is clear:

> [T]he party seeking summary judgment has the burden of demonstrating to the court that there are no disputed, material facts creating a genuine issue for trial, as we have defined those terms, and that he is entitled to judgment as a matter of law.  A conclusory assertion that the nonmoving party has no evidence is clearly insufficient. When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. *The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05*.

*Byrd*, 847 S.W. 2d at 215 (emphasis added).

Applying *Byrd* to the facts before the court, we find that Lacy failed to come forward with evidence (facts) necessary to counter LabCorp's evidence and to establish that there are indeed material facts in dispute.  For example, in support of its Tenn. R. Civ. P. 56.03 statement of material facts in dispute, Lacy relied on the affidavit of Cathy Midkiff. Midkiff's affidavit indicated:

> 6.  That LabCorp falsely billed Lacy for services performed and continued to do so despite my constant complaints about it.
> 7.  That even after I complained, LabCorp continued to bill Lacy falsely.
> 8.  That the transactions complained of by LabCorp are the same transactions that LabCorp falsely billed Lacy for.

---

[5] Lacy asserts its Rule 56.03 statements are undisputed, because LabCorp failed to cite to the record in its response.

9. That LabCorp intentionally and knowingly falsely billed Lacy because LabCorp continued to bill false amounts after my complaints and it was consistent.

10. That LabCorp's false billing was not a mistake by it. It was a constant effort. It was intentional, knowing, and deliberate.

11. That LabCorp was aware of the correct pricing structure because LabCorp had correctly applied the proper pricing structure prior to the false invoices.

12. That the invoices attached hereto as Exhibit #1 are the false bills submitted to Lacy by LabCorp.

Upon close scrutiny of the affidavit of Cathy Midkiff, it is apparent that her testimony is nothing more than conclusory allegations, not statements of fact. Indeed, her "testimony" is little more than a restatement of the allegations set forth in Lacy's answer and counterclaim. Conclusory allegations are not sufficient to carry the burden required by Tenn. R. Civ. P. 56. *Byrd*, 847 S.W.2d at 215; *McCarley*, 960 S.W.2d at 588. As stated by our Supreme Court in *Byrd*:

> Rule 56 comes into play only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Thus, the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial.

*Byrd,* 847 S.W.2d at 214.

LabCorp presented a properly supported motion for summary judgment, bolstered by the affidavits of Neil Spalding[6] and Sherry Robertson[7], both of whom had personal, first hand knowledge of the billing dispute. Lacy merely responded by asserting conclusory allegations instead of facts as required by Tenn. R. Civ. P. 56. Accordingly, we find that the record supports the trial court's finding that there were no material facts in dispute.

Lacy next asserts that the trial court did not address Lacy's defense of unclean hands and counterclaim of fraud. We disagree. In the March 5, 2002 Order granting LabCorp's motion for summary judgment, the trial court held:

> Plaintiff's Motion for Summary Judgment contains two (2) elements: 1) a request that the Court grant summary judgment as to Plaintiff's Complaint and 2) a request that the Court grant summary judgment dismissing Lacy's Counterclaim. With regard to Plaintiff's Complaint, the Court finds that the summary judgment record

---

[6] Neil Spalding testified, via affidavit, that from March 1996 through August 1997, LabCorp billed Lacy $41,671.69, Lacy had made payments totaling $3,525 and had been credited $17,307.27 for billing errors discovered by LabCorp, but is indebted to LabCorp for $20,839.42.

[7] Sherry Robertson's affidavit indicated that although some billing errors occurred, they were not intentional and Lacy was given credit once the errors were discovered.

(the "Record") evidences a debt owed by Lacy to LabCorp. The Record contains no genuine issue of material fact regarding payment. The Record contains evidence in the form of the Affidavit of Mr. Neil Spalding that Lacy has made total payments in the amount of $3,525.00. The Record contains nothing to rebut or overcome this evidence. *Furthermore, the Record contains no genuine issue of material fact to support the defense theory of "unclean hands" set forth by Defendant Lacy.* Accordingly, this Court finds that LabCorp is entitled to judgment as a matter of law and grants LabCorp's Motion for Summary Judgment with regard to Plaintiff's Complaint. **IT IS SO ORDERED**. (emphasis added)

*With regard to Lacy's Counter-claim for fraud*, the Court has considered, among other things, both the Affidavit of Cathy Midkiff and the Affidavit of Sherry Robertson. *The Court finds that the Record contains no genuine issue of material fact with regard to the evidence of the necessary elements of fraud.* Additionally, the Court finds that the Record contains no genuine issue of material fact regarding damages alleged to have been suffered by Lacy and that Lacy has suffered no damages. Accordingly, the Court finds that LabCorp is entitled to judgment as a matter of law and grants LabCorp's Motion for Summary Judgment dismissing Lacy's Counter-claim. **IT IS SO ORDERED**. (emphasis added)

## IV. Conclusion

We find there are no genuine issues of material fact relative to LabCorp's complaint against Lacy. Specifically, we find that the facts are undisputed that Lacy is indebted to LabCorp on an open account in the amount of $20,839.42. Furthermore, the record contains material facts to support Lacy's defense of unclean hands and that LabCorp is entitled to summary judgment on its complaint as a matter of law. Therefore, the trial court did not err in granting summary judgment in favor of LabCorp against Lacy for the relief sought by LabCorp in the complaint. Further, we find there are no genuine issues of material fact relative to the counterclaim of Lacy against LabCorp for alleged fraudulent billing practices and that LabCorp is entitled to have the claim dismissed as a matter of law. Therefore, the trial court did not err in dismissing Lacy's counterclaim against LabCorp.

Accordingly, we affirm the trial court in all respects and remand this matter for such proceedings as may be necessary. Costs of this appeal are taxed to Appellant, Lacy and Associates, d/b/a Occupational Medicine Works.

_____
FRANK G. CLEMENT, JR., JUDGE