IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 26, 2006 Session

## DON MURFREE MCCLARAN, ET AL. v. JUDITH ANN BEARDSLEY, ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 03-05-0521MT     J. Mark Rogers, Judge**

_____

**No. M2005-02042-COA-R3-CV - Filed on July 31, 2006**

_____

In this case, the unsuccessful Plaintiff appeals the grant of summary judgment in favor of a will offered for probate by the defendants, Judith Ann Beardsley as executrix and Cavalry Bank Trust Department as Administrator *ad litem* for the estate of Olalee McClaran. Plaintiff challenges the will as a product of fraud in the inducement and undue influence. The proponents filed a Motion to Dismiss or in the Alternative for Summary Judgment. From the summary judgment grant against him, Mr. McClaran now appeals. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Don Murfree McClaran, Roger Scott McClaran and Gregor Lynn McClaran, Manchester, Tennessee, *pro se*.

William Kennerly Burger, Murfreesboro, Tennessee, for the appellees, Judith Ann Beardsley and Cavalry Banking Trust Department.

## OPINION

This appeal represents Appellant's second appearance before this Court *pro se*. The first was by way of appeal from a Rutherford County jury verdict against him and in favor of his mother, Olalee McClaran. The jury in that case found that Mr. McClaran had bilked his mother out of $261,009.97 worth of property in connection with a $2.2 million sale of land executed on her behalf. The verdict was affirmed by this Court in an opinion designated by the Tennessee Supreme Court as not for citation pursuant to Tennessee Supreme Court Rule 4.

Mrs. McClaran has now died. Before her death but after the jury trial, Mrs. McClaran executed a document on December 11, 2000, purporting to be her Last Will and Testament.

Pursuant to that will, Mrs. McClaran named Judith Ann Beardsley as executrix as well as the primary beneficiary of her million dollar estate. On March 4, 2005, Ms. Beardsley presented the will for probate before the Rutherford County Probate Court. On April 26, 2005, Mr. McClaran filed a $43,500 claim against the estate. Cavalry Bank and Trust, the administrator *ad litem* filed an exception to the claim on May 4, 2005. Mr. McClaran and his two sons then sought to contest the will. The Probate Court determined that the contestants had standing to challenge the will and, as a result, Mr. McClaran, purporting to act on his own behalf as well as the behalf of his sons, Roger Scott and Gregory Lynn McClaran, filed a "Certificate to Contest Will and Request to Validate Will of the Estate of Olalee Herron McClaran, Deceased." After the removal to Chancery Court, Mr. McClaran filed two more claims against the estate, the aggregate total of which exceeded $900,000.

On May 12, 2005, Ms. Beardsley and the administrator *ad litem* filed a Motion to Dismiss or for Summary Judgment. As grounds for the dismissal, the movants argued that, to the extent Mr. McClaran sought to represent the interest of his sons, such a pleading was illegal and in effective and should be stricken. The Motion also challenged the sufficiency of Mr. McClaran's initial filing in so far as it lacked the required leading process under Tennessee Rule of Civil Procedure 3 and 4. The Motion averred that Mr. McClaran had filed bankruptcy. As a result, the movants argued that any interest in the decedents estate would inure to the benefit of the bankruptcy trustee; thus, Mr. McClaran lacks the requisite standing to challenge the will. In addition, the Motion argued that due to an unsatisfied judgment in the separate civil case, Mr. McClaran was collaterally estopped from raising any claim against the estate. The Motion was accompanied by a memorandum in support, as well as the affidavits of Larry and Sandra Trail, the lawyers who prepared Mrs. McClaran's will. These documents further argued that Mr. McClaran had not established any claim of undue influence. Larry Trail had attached as an exhibit to his affidavit a video taped recording of Mrs. McClaran executing her will. In that video, the testator was sworn and gave statements under oath that she was well aware of the effects of the instrument she was signing, that it was her full and explicit intent to disinherit her only son due to his nefarious behavior toward her and the rancorous conflict following the sale of property which lead to the jury verdict. She stated she likewise was aware of the value of her estate and the true objects of her bounty, the niece who she nominated executrix, Judith Ann Beardsley and her family.

On May 28, 2005, Mr. McClaran, still purporting to represent himself as well as his children, filed a response to the Motion for Summary Judgment. This response simply disputed the accuracy and propriety of the will proponents' Motion and the veracity of the supporting affidavits. On July 5, Mr. Don McClaran, Roger Scott and Gregory Lynn McClaran; their mother, Mary Crosslyn; and other members of the McClaran family executed affidavits containing their own opinions as to the mental capacity of Olalee McClaran and the alleged undue influence exerted upon her in the execution of her will.

After the hearing on July 6, 2005, the trial court granted the Motion of the estate and administrator making the following findings:

3. The court finds that the issues of standing, collateral estoppel, and improper process are preempted by the court's consideration and determination of the merits of the claim as set forth in the Motion for Summary Judgment. After considering the affidavits (including the Decedent's video depiction) submitted in support of the Motion for Summary Judgment, and the Defendant's procedurally inadequate responses, the court finds that no genuine issues of genuine fact exist, and that the Defendants are entitled to dismissal of the will contest issues, as a matter of law. Specifically, the court determines the following: 1) that, on the date of the execution of the instrument offered for probate as the Last Will and Testament of Olalee Herron McClaran, executed on December 11, 2000, Olalee Herron McClaran possessed valid testamentary capacity, with full recognition of the objects of her affection, and the nature and identity of her assets; 2) that the testamentary act of Olalee Herron McClaran was free from any act of undue influence by any person, and that her act, in procuring and executing the will, was her free and voluntary act; 3) On the date of the Decedent's execution of her Last Will and Testament on December 11, 2000, and for several weeks preceding that date, the Decedent had access to, and received, substantial independent advi[c]e through her representation by attorney Terry Fann (in litigation against Don Murfree McClaran), and in her consultations with attorneys Larry G. Trail and Sandra Y. Trail.

4. Based upon the foregoing, all grounds of contest with respect to the Last Will and Testament of Olalee Herron McClaran, executed December 11, 2000, and filed for probate in the probate (County) Court of Rutherford County Tennessee before the Honorable Ben Hall McFarlin, Judge on April 4, 2005, are herewith disallowed and dismissed on the merits as being without factual or legal merit. The proceedings are remanded to the Probate Court for completion of the administration of the Estate of Olalee Herron McClaran. The Clerk of the Probate Court is herewith directed to issue letters of administration to the administrator, Cavalry Banking Trust Department. The viability of any claims filed against the estate by Mr. McClaran, or any other alleged creditor, shall be adjudicated in the probate court pursuant to the provisions of **Tennessee Code Annotated** § 30-2-315.

Despite the findings of a technical violation of the law in Mr. McClaran's unauthorized practice of law in the presentation of the pleadings in behalf of his sons, and the related technical violations of Rule 11, the court declines to impose any punitive sanctions against Don Murfree McClaran, but assesses the court costs to Don Murfree McClaran, individually.

**ORDERED** and **DECREED** this the 2nd day of August, 2005.

Mr. McClaran attempted, despite the findings of the trial court, to continue his representation of his sons as well as his own interest in direct contravention of state statutes protecting the public from the unauthorized practice of law. *See* Tenn.Code Ann. §23-3-103. In this Court's order entered

November 28, 2005, we dismissed the appeal of Roger Scott and Gregory Lynn McClaran on that basis. Mr. Don McClaran's appeal of the grant of summary judgment therefore remains.

Our review of the trial court's summary judgment is *de novo* upon the record. Since the trial court found that the defendants were entitled to judgment as a matter of law pursuant to Tennessee Rule of Civil Procedure 56, we accord the court no presumption of correctness, but review the record anew to determine whether or not there exists genuine issues of material fact and whether or not the requirements of Rule 56 have otherwise been met. *See e.g. Byrd v. Hall*, 847 S.W.2d 208, 209 (Tenn.1993); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741,744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.03. When reviewing the record, if we find that the movant has effectively negated a necessary element of the non-movant's claim, and the facts viewed in a light most favorable to the non-movant entitle the movant to judgment, it is our duty to affirm the grant of summary judgment. It is well to note that when a party seeking summary judgment files a properly supported motion, the burden shifts to the non-moving party to affirmatively show a genuine issue of material fact precluding summary judgment. *Byrd v. Hall*, 847 S.W.2d, 215. *Bain v. Wells*, 936 S.W.2d, 622. The mere presentation of conclusory affidavits which contain only opinions and no factual allegations do not rise to the dignity of countervailing proof. *Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W.3d 860, 864 (Tenn.Ct.App.2001). The non-movant who relies on such proof in the face of a motion negating a essential element of the claim has not presented a material controversy. Under such circumstances, no genuine issue of fact has been shown, and summary judgment is an appropriate method of resolving the dispute. *Byrd v. Hall*, 847 S.W.2d, 215.

Such is the condition of the appellant's case before us. Mr. McClaran presents no affidavit which contravenes the proof presented on Motion for Summary Judgment showing that Mrs. McClaran sought independent advice in disinheriting a son who had already abused his former dominant position over her.

The affidavit of Don Murfree McClaran filed July 5, 2005, states in its entirety:

1 – I, Don Murfree McClaran, am the only child of Olalee Herron McClaran.

2 – Olalee Herron McClaran, did not have the mental capacity to sign a valid Will after January 18, 1996.

3 – Judith Ann Beardsley, had not been seen by me, but two (2) times in forty (40) years, for approximately ten (10) minutes, prior to the sale of our properties on Old Fort Parkway.

4 – Judith Ann Beardsley, used undue influence on Olalee Herron McClaran to induce her to sign a series of documents and Wills.

5 – The foregoing is based upon personal knowledge, family history, information and belief.

Affidavits filed on the same date by Donna Marie McClaran, Dorothy Marie Weeks, Gregory Lynn McClaran, Mary Frances Crosslin, Randy Crosslin and Roger Scott McClaran say essentially the same thing.

No evidence other than these affidavits is presented in opposition to the Motion for Summary Judgment. These conclusory affidavits asserting no facts but merely expressing the conclusory opinion of the affiants are insufficient under Tennessee Rule of Civil Procedure 56 and provide no basis for the establishment of a genuine issue of material fact. *Psillas*, 66 S.W.3d at 864.

The judgment of the trial court is in all respects affirmed with costs on appeal assessed to Don Murfree McClaran.

_____
WILLIAM B. CAIN, JUDGE