IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2021 Session

**TIMOTHY O'GUIN v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission, No. T20171461**
**James A. Haltom, Commissioner**

_____

**No. M2020-00732-COA-R3-CV**
_____

A patient died after a fall at a state-owned rehabilitation facility. The administrator of the deceased patient's estate filed a monetary claim against the State of Tennessee for negligently creating or maintaining a dangerous condition on real property. The State moved for summary judgment arguing that the claimant lacked sufficient evidence of causation. The Claims Commission agreed and granted summary judgment to the State. Because the claimant lacked sufficient evidence that the State's conduct more likely than not caused the patient's fall, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission
Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Brandon E. Bass, Brentwood, Tennessee, for the appellant, Timothy O'Guin.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Stephanie Bergmeyer, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.**

On March 31, 2016, Joseph O'Guin was admitted to the Tennessee State Veterans' Home in Murfreesboro, Tennessee, for care and rehabilitation following a stroke. He was

confined to a wheelchair because of left-sided hemiparesis.[1]   Otherwise, he was alert, oriented, and able to communicate with staff.  Two days after his admission, Mr. O'Guin fell outside the facility entrance.  He suffered serious injuries and tragically died five days later.

The administrator of Mr. O'Guin's estate filed a claim against the State of Tennessee, alleging that the State negligently created or maintained a dangerous condition on the property.  According to the complaint, Mr. O'Guin was fatally injured after his wheelchair fell off the sidewalk in front of the facility entrance.  The lack of sufficient markings or barriers at the edge of the sidewalk created a dangerous condition.  And the State knew or should have known about this dangerous condition.  The State denied liability and asserted the comparative fault of Mr. O'Guin.

After discovery, the claimant moved for summary judgment on liability and damages.  He argued that the State knew that the sidewalk around the facility was dangerous.  He submitted evidence that the facility administrator was aware of three prior accidents involving wheelchair-bound patients who fell off a sidewalk.  He claimed that the State failed to take reasonable steps to remedy the danger, despite notice of these prior falls.

The State opposed the claimant's motion and filed its own motion for summary judgment.  The State's motion, however, was limited to the issue of causation.

The claimant sought to prove causation in fact through two federally-mandated reports, which detailed the results of the facility's accident investigation, and deposition testimony from the facility administrator.  The first report noted that Mr. O'Guin "was outside enjoying the weather when he rolled his wheelchair off the side of the curb hitting the left side of his face on the pavement."  The second report provided more detail:

> Once [Mr. O'Guin] was outside, he began propelling himself without assistance away from the building.  When he turned around to come back, he was rounding a corner on the front sidewalk and was unable to negotiate the turn.  His wheelchair hit the edge of the curb causing him to fall face first on the pavement.

The facility administrator confirmed that at least one of the wheels on Mr. O'Guin's wheelchair touched or went over the edge of the sidewalk, causing him to fall.

The Claims Commission granted summary judgment in favor of the State and denied the claimant's motion.  The Commission agreed that the claimant's proof of

---

[1] Hemiparesis is "[p]aralysis of one side of the body."  *See Hemiplegia*, Taber's Cyclopedic Medical Dictionary (21st ed. 2009).

2

causation was insufficient. The evidence showed that the patient's wheels left the sidewalk. But there was no proof to connect the fall to the alleged negligent conduct. Nothing in the record suggested that the sidewalk or the curb were dangerous. And even if they were dangerous, Mr. O'Guin had been warned of the potential danger.

## II.

### A.

While the claimant raises several issues on appeal,[2] one issue is dispositive: whether the Commission erred in granting summary judgment to the State based on insufficient proof of causation. Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If the moving party satisfies its burden, "the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Id.*

In this case, the party moving for summary judgment does not bear the burden of proof at trial. Thus, the burden of production on summary judgment could be satisfied "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015) (emphasis omitted). Satisfying this burden requires more than a "conclusory assertion that summary judgment is appropriate," rather the movant must set forth specific material facts as to which the movant contends there is no dispute. *Id.*

If a motion for summary judgment is properly supported, the opposing party must then come forward with something more than the allegations or denials of its pleadings. *Id.* at 265. The opposing party must "by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* (emphasis omitted) (quoting TENN. R. CIV. P. 56.06).

---

[2] The claimant takes issue with the scope of the Commission's summary judgment ruling. He complains that the State's motion for summary judgment was limited to the sufficiency of his causation evidence, but the Commission dismissed his claim on other grounds besides causation. Because we conclude that the State was entitled to a judgment as a matter of law based solely on insufficient causation evidence, we do not address alternative bases for the Commission's ruling.

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. So we must review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Jenkins v. Big City Remodeling*, 515 S.W.3d 843, 847 (Tenn. 2017); *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004).

B.

Monetary claims against the State are governed by the Claims Commission Act. Tenn. Code Ann. § 9-8-307 (Supp. 2020). The State has waived sovereign immunity for monetary claims based on acts or omissions of state employees falling within 23 delineated categories. *Id.* § 9-8-307(a)(1). One of those categories is the negligent creation or maintenance of dangerous conditions on state-controlled real property. *See id.* § 9-8-307(a)(1)(C). This category codifies common law premises liability. *Hames v. State*, 808 S.W.2d 41, 44 (Tenn. 1991).

We analyze the State's liability using the traditional principles of negligence law. *See* Tenn. Code Ann. § 9-8-307(c); *Hames*, 808 S.W.2d at 44. Causation is an essential element in any negligence action. *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 861 (Tenn. 1985). "Proof of negligence without proof of causation is nothing." *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 181 (Tenn. 1992) (quoting *Drewry v. Cty. of Obion*, 619 S.W.2d 397, 398 (Tenn. Ct. App. 1981)). The claimant has the burden of showing that the alleged "injury or harm would not have occurred 'but for' the [State's] negligent conduct." *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993). A mere possibility of causation is not enough to satisfy this burden. *Jenkins*, 515 S.W.3d at 851-52. Instead, the "plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Lindsey*, 689 S.W.2d at 861 (citation omitted).

The claimant argues that the facility's investigation reports established causation. And the facility administrator confirmed that Mr. O'Guin fell when the wheels on his wheelchair either touched or went over the edge of the sidewalk. But the claimant must do more than explain the mechanics of the fall. He must come forward with evidence that tends to show that the State's conduct was more likely than not the cause of the fall. *See id.*

For example, in *Puller ex rel. Puller v. Roney*, No. M2018-01234-COA-R3-CV, 2019 WL 624658 (Tenn. Ct. App. Feb. 13, 2019), a handyman was found unconscious on the ground beside the homeowner's ladder. *Id.* at *1. No one witnessed the accident. *Id.* The handyman's widow later sued the homeowner for negligence, arguing that the

4

defective ladder caused the handyman's death. *Id.* at *2. But the evidence only showed that the handyman fell off the ladder. *Id.* at *4. No proof linked any defect in the ladder to the accident. *Id.* So we affirmed the trial court's decision to grant summary judgment to the homeowner. *Id.* at *5.

And in *Epps v. Thompson*, No. M2017-01818-COA-R3-CV, 2018 WL 1353589 (Tenn. Ct. App. Mar. 15, 2018), a painter was injured after falling off a homeowner's ladder. *Id.* at *1. Alleging that the ladder was defective, the painter sued the homeowner for negligence. *Id.* It was undisputed that the ladder was defective. *Id.* at *5. But the painter could not prove that "the condition of the ladder was a cause in fact of his fall." *Id.* According to the painter, the ladder "just kicked out." *Id.* at *4. "[B]ut he did not know if he simply lost his balance, if the ladder itself failed, or if something else caused him to fall." *Id.* Again, we affirmed the grant of summary judgment to the homeowner. *Id.* at *6; *see also Cartee v. Morris*, No. M2018-02272-COA-R9-CV, 2019 WL 4234936, at *5 (Tenn. Ct. App., Sept. 6, 2019) (concluding that defendants were entitled to summary judgment when plaintiff, the only witness to the accident, could not remember what caused him to fall down a staircase).

Like the plaintiffs in *Puller* and *Epps*, the claimant cannot show that the condition of the sidewalk more likely than not caused Mr. O'Guin's fall. Mr. O'Guin may have been distracted; the sun may have been in his eyes; or his physical condition may have impeded his control of the wheelchair. *See Jenkins*, 515 S.W.3d at 852 ("Where proof of causation is made by circumstantial evidence, the evidence must be such that it tends to exclude any other cause; in other words, it must be proven to be more likely than not."). And while it is possible that Mr. O'Guin fell because the sidewalk was dangerous, no evidence supports that theory. *See Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W.3d 860, 868 (Tenn. Ct. App. 2001) (affirming the grant of summary judgment in favor of the defendant when the plaintiff's evidence required "a leap of faith to find the defendant liable for the plaintiff's injury").

The claimant submitted photographs depicting an ordinary paved sidewalk surrounding the rehabilitation facility. The height differential between the sidewalk and the pavement by itself does not prove that the sidewalk is dangerous. *See Mooney v. Genuine Parts Co.*, No. W2015-02080-COA-R3-CV, 2016 WL 2859149, at *4-5 (Tenn. Ct. App. May 11, 2016) (collecting cases). The claimant argued that previous accidents involving wheelchair-bound patients on the sidewalk put the State on notice of a dangerous condition. But the accidents touted by the claimant were too remote and unrelated to establish that the specific location where Mr. O'Guin fell was dangerous. None of these previous incidents happened at the same location. Nor were the incidents linked to the condition of the sidewalk. One patient was not looking where he was going while another had the sun in his face. And one accident actually occurred on the service dock, not the sidewalk.

5

**III.**

The claimant's evidence did not show that the State's conduct more likely than not caused Mr. O'Guin's fall. Because the claimant's evidence at the summary judgment stage was insufficient to establish the cause in fact of the fall, the State was entitled to judgment as a matter of law. So we affirm.

        _s/ W. Neal McBrayer_

        W. NEAL MCBRAYER, JUDGE