Mary A. OGLE, and husband, Ronald Ogle, Plaintiffs–Appellants,

v.

WINN–DIXIE GREENVILLE, INC., and Winn–Dixie, Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

Dec. 11, 1995.

Permission to Appeal Denied by Supreme Court March 25, 1996.

46

Gary L. Adkins, Bill Hotz & Ass., P.C., Knoxville, for Appellants.

1. The plaintiffs dismissed their actions against

John W. Baker, Jr., Baker, McReynolds, Byrne, Brackett, O'Kane & Shea, Knoxville, for Appellees.

*OPINION*

McMURRAY, Judge.

This is a premises liability action. The plaintiff, Mary A. Ogle, alleges that she was injured when she slipped and fell on a wet and slippery floor in the restroom in a store operated by the defendant, Winn–Dixie Greenville, Inc.[1] The case was dismissed on motion for summary judgment. This appeal resulted. We affirm the action of the trial court.

The sole issue before this court is whether the evidence presented in favor of and in opposition to the motion for summary judgment was sufficient to create a genuine issue of a material fact on the question of constructive notice.

Liability in premises liability cases stems from superior knowledge of the condition of the premises. *McCormick v. Waters,* 594 S.W.2d 385, 387 (Tenn.1980). Accordingly, the plaintiff must prove that the defendant had either actual or constructive notice of the injury-causing condition. This proof may take one of two forms. First, the plaintiff may show that the defendant itself caused or created the condition and, therefore, had notice of it. *Sanders v. State,* 783 S.W.2d 948, 951 (Tenn.Ct.App.1989); *Benson v. H.G. Hill Stores, Inc.,* 699 S.W.2d 560, 563 (Tenn.Ct.App.1985). Second, the plaintiff may show that the dangerous condition existed for so long that the defendant should have known about it. *Chambliss v. Shoney's, Inc.,* 742 S.W.2d 271, 273 (Tenn.Ct.App.1987); *Jones v. Zayre, Inc.,* 600 S.W.2d 730, 732 (Tenn.Ct.App.1980).

It is the second proposition of law that the appellants advance, i.e., that the condition had existed long enough so that the defendant should have known of it. The only evidence presented both for and against the motion for summary judgment was the deposition of the plaintiff, Mary Ogle. Ms. Ogle testified by deposition that she slipped on some substance on the floor in the ladies'

Winn–Dixie.

restroom and that her clothes were damp after the fall. She further testified that she did not know how the substance got there nor how long it had been there.

There were no witnesses to the accident and no direct evidence that any employee of the appellee had any knowledge of a substance being on the floor. The appellants' entire case rests upon the following question and answer given by the appellant, Mrs. Ogle:

Q. What do you claim Winn Dixie did bad here? What do you claim they did wrong?

A. Well, as many years as I have went into that store, that was the nastiest time that I had seen that restroom. There were paper towels piled at least two foot high over the trash can, all over the floor. And I mean, that's the nastiest I had seen it in the five years that I had been going to the store.

The appellants insist on this appeal that the presence of the "extremely large number of paper towels indicated that more likely than not a substantial period of time had elapsed since the last inspection or cleaning of the restroom...." Appellants further argue that the obvious and most reasonable inference from the foregoing evidence is that the defendant failed to perform its duty to inspect the premises and keep them in a reasonably safe condition. We respectfully disagree with the argument advanced by the appellants.

The accumulation of paper towels is totally insufficient to demonstrate that the defendant failed to inspect the premises. The paper towels were in no way involved in the accident. Even had the defendant inspected the restroom and discovered the accumulation of the towels, a failure to remove the towels does not constitute negligence connected in any manner with this case.

■ In *Tampas v. Target Stores,* 1994 WL 405950, an unreported opinion by this court by Judge Goddard, filed August 2, 1994, the court expressed the law applicable here, tersely and succinctly:

Before an owner or operator of premises can be held liable for negligence in allow-

ing a dangerous or defective condition to exist on its premises, it must have (1) been created by the owner or operator or his agent, (2) if the condition was created by someone other than the owner or operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Gargaro v. Kroger Grocery & Baking Co.,* 22 Tenn.App. 70, 118 S.W.2d 561 (1938).

If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence. *Allison v. Blount National Bank,* 54 Tenn.App. 359, 390 S.W.2d 716 (1965).

■ When there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements. *Paradiso v. Kroger Co.,* 499 S.W.2d 78 (Tenn.App.1973). *Chambliss v. Shoney's Inc.,* 742 S.W.2d 271 (Tenn.App. 1987).

■ "A case does not have to be submitted to a jury where there is a mere spark or glimmer of evidence. There must be some evidence of a material and substantial nature." *Sadek v. Nashville Recycling Co.,* 751 S.W.2d 428, 431 (Tenn.App.1988).

... the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial.

*Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993).

Upon consideration of all the foregoing, we are of the opinion that the evidence presented by the appellants is totally insufficient to meet any of the requirements necessary to avoid a dismissal by summary judgment. There are simply no facts upon which a jury could find that the appellee had constructive notice of a dangerous condition on the appellee's premises.

We affirm the judgment of the trial court. Costs of this appeal are taxed to the appellants and this case is remanded to the trial court for the collection thereof.

GODDARD, P.J., and SUSANO, J., concur.