# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**July 16, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

DORIS LAWSON and
DARRELL LAWSON,

  Plaintiffs/Appellants,

VS.

NASHVILLE CITY CENTER
LIMITED PARTNERSHIP, and THE
METROPOLITAN GOVERNMENT OF
NASHVILLE, DAVIDSON COUNTY,
TENNESSEE,

  Defendants/Appellees.

Appeal No.
01-A-01-9804-CV-00189

Davidson Circuit
No. 97C-1729

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, JUDGE

STANLEY A. DAVIS
214 Third Avenue, North
Nashville, Tennessee 37201
  Attorney for Plaintiffs/Appellants

WILLIAM B. JAKES, III
300 James Robertson Parkway
Nashville, Tennessee 37201-1107
  Attorney for Defendant/Appellee Nashville City Center Limited Partnership

JAMES L. MURPHY, III
Director of Law
The Department of Law of the Metropolitan
 Government of Nashville and Davidson County

PAUL D. KRIVACKA
Metropolitan Attorney
204 Metropolitan Courthouse
Nashville, Tennessee 37201
  Attorney for Defendant/Appellee Metropolitan Government
  of Nashville and Davidson County

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
CAIN, J.
COTTRELL, J.

# **O P I N I O N**

The plaintiff slipped and fell on a grate located partially on a city sidewalk and partially on the adjoining property. She sued the Metropolitan Government of Nashville and Davidson County and the owner of the adjoining property, alleging that they were negligent in failing to correct a dangerous condition. The Circuit Court of Davidson County granted summary judgment to both defendants. We affirm.

## I.

The plaintiff fell on the south side of Union Street in Nashville, near an office building known as the City Center. On the north side of the building the curb is cut at two places to allow vehicles to cross the sidewalk, and to enter or exit a parking garage beneath the City Center. Beginning at the street, the drives are approximately level for about eight feet, and then they slope downward toward the garage.

In one of the drives, there are two areas about two to two and one-half feet wide, running from the curb all the way to the garage entrance, which are covered by metal grates. The grates cover underground electrical transformers. Except for the two grates, the surface all along the sidewalk is brushed concrete.

The plaintiff had walked down the sidewalk earlier in the day without mishap. On the way back, a light rain was falling. When the plaintiff stepped on one of the grates, her foot slipped, and she was injured by the fall. She alleged that the metal grate was slippery because of the water and because some oil had accumulated on it.

**II.**

The plaintiffs allege that each defendant was negligent for maintaining a dangerous condition on the premises over which it exercised control. It is not entirely clear from the record where Metro's sidewalk ends and the City Center begins. Neither is it entirely clear where the plaintiff fell. Each defendant, however, disclaims any knowledge of a dangerous condition, even if the plaintiff fell on its property.

In premises liability actions, the defendant's negligence stems from the breach of a duty to correct a dangerous condition of which he or she has knowledge. *Chambliss v. Shoney's, Inc.*, 742 S.W.2d 271 (Tenn. App. 1987). The knowledge of the defendant may be actual or constructive. *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45 (Tenn. App. 1995). If the defendant created the dangerous condition, he has notice of it. *Sanders v. State*, 783 S.W.2d 948 (Tenn. App. 1989). But the defendant may have constructive notice if the plaintiff can show that the dangerous condition existed for so long that the defendant should have known about it. *Chambliss v. Shoney's, Inc.*, 742 S.W.2d 271 (Tenn. App. 1987).

The plaintiffs' complaint contained the following allegations:

5. As Plaintiff DORIS LAWSON was lawfully on the Premises, Plaintiff DORIS LAWSON slipped and fell over the metal grating, which was covered with oil, in front of the Premises. Plaintiff DORIS LAWSON sustained severe personal injuries as a direct and proximate result of Defendant CITY CENTER and Defendant METRO'S NEGLIGENT maintenance of the Premises, specifically the metal grating in front of the Premises, controlled by Defendants.

6. The Defendants' negligent maintenance of the Premises, specifically the metal grating in front of the Premises included, but is not limited to the following:

(a) Defendants negligently failed to maintain the metal grating, so as to cause the metal grating to become covered with oil.

(b) Defendants negligently failed to inspect the Premises for dangerous conditions of the metal grating, when they knew, or in the exercise of reasonable care, should have known, that the metal grating could greatly increase the risk that individuals on the Premises, and your Plaintiff in particular, would be injured. Further, Defendants failed to take precautions to ensure that the

- 3 -

metal grating would be safe for the public in general to traverse, and your Plaintiff in particular.

(c)     Defendants negligently failed to warn the general public and your Plaintiff DORIS LAWSON, in particular, of the aforementioned dangerous conditions when they knew, or in the exercise of reasonable care, should have known that they existed.

Both defendants answered the complaint and denied the material allegations. In due course each defendant moved for summary judgment and filed proof denying any knowledge of a foreign substance on the grate. The plaintiff responded with the affidavits of an architect and a professional engineer. They expressed opinions that the metal grate was dangerous in and of itself at the location where the plaintiff fell. Their opinions were based on conclusions that the grate was slippery compared to the surrounding concrete and that it was forseeable that oil and road residue would be deposited on the grate by passing cars.

The trouble with the plaintiffs' response to the motion for summary judgment is that the experts' opinions did not address the only basis for liability alleged in the complaint: that the defendants knew or should have known that oil was present on the grate, making it a dangerous condition. There was no proof as to where the oil came from or how long the oil had been on the grate. The argument that the defendants should have anticipated that oil or other foreign substances would be deposited on the grate by passing cars does not make the grate dangerous in and of itself. The same could be said of any road or driveway. But sloping driveways are not inherently dangerous, even though we might expect slippery substances to be deposited thereon. *Martin v. Washmaster Auto Center U.S.A.*, 946 S.W.2d 314 (Tenn. App. 1996). Liability on the landowner in such cases still depends on notice that the substance is there. *Id.* There is no proof in this record that the foreign substance had been on the grate long enough that the defendants should have been aware of it.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for further proceedings. Tax the costs on appeal to the plaintiffs.

- 5 -

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE

**IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE**