# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 14, 2003 Session

## MYRON GENTRY, ET AL., v. HOSPITAL HOUSEKEEPING SYSTEMS OF HOUSTON, INC.

### Appeal from the Circuit Court for Davidson County
### No. 00C-2166      Barbara Haynes, Judge

---

### No. M2002-01513-COA-R3-CV - Filed April 24, 2003

---

This appeal arose after the trial court granted summary judgment for Hospital Housekeeping Systems of Houston, Inc. on a suit brought by an employee of Centennial Medical Center who slipped and fell after stepping on wet carpet. Because a material factual dispute exists, we reverse the trial court's decision and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and L. CRAIG JOHNSON, SP. J., joined.

Donald Capparella, Brentwood, Tennessee; Daniel C. Todd, Nashville, Tennessee, for the appellants, Myron and Linda Gentry.

G. Brian Jackson, Bryant C. Witt, Nashville, Tennessee, for the appellee, Hospital Housekeeping Systems of Houston, Inc.

### MEMORANDUM OPINION[1]

This is a premises liability case arising from a slip and fall at Centennial Hospital. On July 29, 1999, the Appellant, Mr. Myron Gentry, was working third shift as a charge nurse in the Centennial Hospital Intensive Care Unit.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

At approximately 1 a.m., Mr. Gentry was called to respond to a patient that was in "code" and proceeded to head toward that patient's room accompanied by Marlena Elrod, the nursing supervisor, and an unnamed physician employed by Centennial. As they walked to the elevator, they came from an area that had linoleum floors. The area directly in front of the elevators, however, had carpeting. Mr. Gentry walked across the carpet and stepped from the carpet to the elevator. At that point, he slipped and fell. He grabbed onto the handrail in the elevator to try to stop his fall, but twisted his back in the process. Mr. Gentry tended to his patient, then proceeded to the emergency room to get treatment for his back pain. Mr. Gentry claimed that the carpet was wet, causing him to slip and fall when he stepped from the carpet outside the elevator onto the uncarpeted floor inside the elevator. There were no warning signs in the area warning that the carpet was wet. Later on that same night, Mr. Gentry and Ms. Elrod almost slipped again when walking from the carpet in front of the elevator to the linoleum area.

Mr. and Mrs. Gentry filed suit against Hospital Housekeeping Systems of Houston, Inc. ("HHS")[2] on July 31, 2000, for injuries sustained in the slip and fall.[3] HHS filed a motion for summary judgment on December 21, 2001, claiming that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. After a hearing, the trial court granted HHS's motion for summary judgment. The Gentrys appeal.

While summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone, *Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Church v. Perales*, 39 S.W.3d 149, 156 (Tenn. Ct. App. 2000), they are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. Thus, a summary judgment should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion - that the party seeking the summary judgment is entitled to a judgment as a matter of law. *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001); *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001); *Goodloe v. State*, 36 S.W.3d 62, 65 (Tenn. 2001).

Summary judgments enjoy no presumption of correctness on appeal. *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 284 (Tenn. 2001); *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). Accordingly, appellate courts must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001). When reviewing the evidence, we

---

[2] HHS is the company employed by Centennial Hospital for housekeeping purposes, including carpet shampooing.

[3] HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center intervened as a plaintiff in order to protect its interests as a result of Mr. Gentry's utilization of worker's compensation benefits after his injuries. It is not a party to this appeal.

must determine first whether factual disputes exist. If a factual dispute exists, we must then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd*, 847 S.W.2d at 214; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must be shown that the condition: (1) was caused or created by the owner, operator or his agent; or (2) if the condition was created by someone other than the owner, operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995). The duty of an owner or occupier of the premises is either to remove or warn against any latent, dangerous condition of which they are aware or should be aware through the exercise of reasonable diligence. *Eaton v. McClain*, 891 S.W.2d 587, 594 (Tenn. 1994).

The parties do not dispute that the carpet was wet or that the wet carpet created a dangerous condition which required warning. The issue in dispute is the cause of the carpet being wet and, consequently, whether the condition was caused by an agent of the owner, HHS. Mr. Gentry claims that the carpet was wet due to the fact it had been recently shampooed by HHS employees. It is undisputed that if the carpet was shampooed, it was an HHS employee who did the shampooing. Thus, the question is whether, taking the evidence in the light most favorable to Mr. Gentry, and applying all inferences in his favor, he has brought forth sufficient proof that the carpet was wet because it was shampooed to create an issue of fact.

Mr. Gentry presented no direct proof from anyone who saw the carpet being shampooed that night. However, both Mr. Gentry and Ms. Elrod noted the uniform color of the carpet, the fact that it was damp throughout, the raised nap, and the existence of a filmy substance on Mr. Gentry's shoes after his fall, all consistent with shampooing. HHS presented no direct proof, through records or testimony, that the carpet was not shampooed that night. HHS presented the testimony of Brenda Jones, the shift supervisor, that HHS never shampoos the carpet during the third shift, in the middle of the night. The affidavits of Ms. Elrod and Mr. Gentry, however, directly contradict the testimony of Ms. Jones. They both assert that they have witnessed HHS employees shampooing carpet on the third shift.

We find that the evidence creates a material issue of fact as to whether the carpet was shampooed on the night of the accident. Consequently, we find that summary judgment was

-3-

inappropriate under the circumstances.  We therefore reverse and remand the decision of the trial court for further proceedings.  Costs on appeal are taxed to the Appellee, Hospital Housekeeping Systems of Houston, Inc.


_____
PATRICIA J. COTTRELL, JUDGE