IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 18, 2015 Session

## TERESA PATTERSON v. WAL-MART STORES EAST, LP

**Appeal from the Circuit Court for Shelby County**
**No. CT00325114      Rhynette N. Hurd, Judge**

_____

**No. W2015-00236-COA-R3-CV – Filed November 30, 2015**
_____

This appeal arises from the trial court's grant of summary judgment to the defendant-property owner in a premises liability suit. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., AND BRANDON O. GIBSON, J., joined.

Teresa Patterson, Lamar, Mississippi, for the appellant, Pro Se.

Russell E. Reviere and W. Christopher Frulla, Memphis, Tennessee, for the appellee, Wal-Mart Stores East, LP.

## OPINION

### Background

On August 5, 2012, Plaintiff/Appellant Teresa Patterson slipped on an orange liquid on the floor of a store owned by Defendant/Appellee Wal-Mart Stores East, LP ("Wal-Mart"). On August 7, 2013, Ms. Patterson filed a Civil Warrant against Wal-Mart in the Shelby County General Sessions Court.

The parties proceeded to trial on June 25, 2014. Ms. Patterson was represented by counsel at trial and testified on her own behalf. At the close of Ms. Patterson's proof, the trial

court granted Wal-Mart's motion for a directed verdict.[1] The trial court entered judgment in favor of Wal-Mart on the same day.

Ms. Patterson, now proceeding *pro se*, appealed the dismissal of her claim to Shelby County Circuit Court. After the appeal was docketed in the circuit court, on September 25, 2014, Wal-Mart filed a motion for summary judgment, which included a statement of undisputed facts. In addition, Wal-Mart relied upon Ms. Patterson's own testimony in the General Sessions action and the affidavit of the co-manager of the Wal-Mart store where the accident took place.

Ms. Patterson did not respond to the motion or statement of undisputed facts. On January 12, 2015, the trial court granted Wal-Mart's motion for summary judgment, concluding the undisputed facts showed that Wal-Mart did not have actual or constructive notice of the allegedly dangerous condition that caused her to fall. Specifically, the trial court stated:

> [Ms. Patterson] could not offer any evidence demonstrating how the alleged dangerous condition came to be present on the floor, and she could also not offer any evidence demonstrating how long the alleged dangerous condition had been present prior to the incident at issue. Further, [Wal-Mart] submitted an affidavit which served as proof that [Wal-Mart] did not have any knowledge of the existence of the alleged dangerous condition prior to the incident. Ms. Patterson] lacked proof of an essential element of the claim[] and, therefore, [Wal-Mart] is entitled to judgment as a matter of law.

Ms. Patterson filed a timely notice of appeal.

## Issue Presented

Ms. Patterson raises the following issue, which is taken verbatim from her appellate brief:

---

[1] As we have repeatedly stated, a motion for a directed verdict has no place in a bench trial. ***Cunningham v. Shelton Sec. Serv., Inc.***, 46 S.W.3d 131, 135 n. 1 (Tenn. 2001); ***City of Columbia v. C.F.W. Constr. Co.***, 557 S.W.2d 734, 740 (Tenn. 1977); ***Scott v. Pulley***, 705 S.W.2d 666, 672 (Tenn. Ct. App. 1985). As this Court explained, the proper vehicle for challenging the plaintiff's proof in a bench trial is a motion for involuntary dismissal pursuant to Rule 41.02(2) of the Tennessee Rules of Civil Procedure. This Court has explained motions for involuntary dismissals "serve a different purpose than motions for directed verdict and require the courts to employ a substantially different method of analysis." ***Burton v. Warren Farmers Co-op.***, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002). Here, Wal-Mart sought and was granted a motion for involuntary dismissal.

Whether the State of Tennessee Shelby County Circuit Court erred in holding that Wal-Mart was not liable for the accident and personal injuries sustained on their [sic] premises. The accident occurred on Wal-Mart's premises and according to law safety and care is owed to all invitees entering the establishment. Law does not give a premises the ability to not be held liable for injuries on their premises; Wal-Mart should have exercised reasonable care in ensuring that the floor was supervised with extra maintenance employees or associates during back to school shopping events. Wal-Mart has presented no evidence that they exercised care to prevent such circumstances as such fall that occurred on their premises during this back to school shopping event.

As we perceive it, the sole issue in this case is whether the trial court properly granted summary judgment in favor of Wal-Mart.[2]

---

[2] Wal-Mart also argues that Ms. Patterson's appeal should be dismissed because of her failure to comply with Rule 27 of the Tennessee Rules of Civil Procedure. Rule 27(a) provides:

> The brief of the appellant shall contain under appropriate headings and in the order here indicated:
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

## Standard of Review

This case was determined on the basis of summary judgment. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. In cases where the moving party does not bear the burden of proof at trial, the movant may obtain summary judgment if it:

> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (applying to cases filed after July 1, 2011); *see also **Rye v. Women's Care Ctr. of Memphis, MPLLC***, --- S.W.3d ---, 2015 WL 6457768, at \*22 (Tenn. Oct. 26, 2015) (judicially adopting a summary judgment parallel to the statutory version contained in Tenn. Code Ann. § 20-16-101).

On appeal, this Court reviews a trial court's grant of summary judgment *de novo* with no presumption of correctness. *See **City of Tullahoma v. Bedford Cnty.***, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. ***Luther v. Compton***, 5 S.W.3d 635, 639 (Tenn. 1999); ***Muhlheim v. Knox. Cnty. Bd. of Educ.***, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See **White v. Lawrence***, 975 S.W.2d 525, 529 (Tenn. 1998); ***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1995).

## Analysis

---

(8) A short conclusion, stating the precise relief sought.

We agree that Ms. Patterson's brief is not fully compliant with Rule 27, in that her argument is largely contained with the statement of the case section of her brief and her brief contains no statement of facts section, no citations to the record on appeal, and no standard of review. We, note, however, that Ms. Patterson's brief contains an issue presented, an argument, and citation to some legal authority. In addition, as we perceive it, the sole issue in this case involves the application of a clear legal standard to the undisputed facts. Accordingly, we decline to dismiss this appeal due to Ms. Patterson's failure to fully comply with Rule 27. We caution litigants that we may not be as forgiving when faced with such deficiencies in the future.

4

As an initial matter, we note that Ms. Patterson is proceeding *pro se* in this appeal, as she did throughout the proceedings in the circuit court. "It is well settled that *pro se* litigants must comply with the same standards to which lawyers must adhere." **Watson v. City of Jackson**, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

**Jackson v. Lanphere**, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Accordingly, we keep these rules in mind in considering this appeal.

The issue in this case involves Wal-Mart's liability for the injuries that Ms. Patterson allegedly sustained on its premises. "Business proprietors are not insurers of their patrons' safety." **Parker v. Holiday Hosp. Franchising, Inc.**, 446 S.W.3d 341, 350 (Tenn. 2014) (quoting **Blair v. W. Town Mall**, 130 S.W.3d 761, 764 (Tenn. 2004)). Property owners are, however, required to exercise due care under all the circumstances. **Blair**, 130 S.W.3d at 764. "This general duty of due care imposes upon a property owner the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is actually aware or should be aware through the exercise of reasonable diligence." **Parker**, 446 S.W.3d at 350 (citing **Eaton v. McLain**, 891 S.W.2d 587, 594 (Tenn. 1994)). A property owner's duty, however, does not include "the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." **Rice v. Sabir**, 979 S.W.2d 305, 308–09 (Tenn. 1998) (citations and internal quotation marks omitted).

Further, as this Court explained:

> Liability in premises liability cases stems from superior knowledge of the condition of the premises. **McCormick v. Waters**, 594 S.W.2d 385, 387 (Tenn. 1980). Accordingly, the plaintiff must prove that the defendant had either actual or constructive notice of the injury-causing condition. This proof

5

> may take one of two forms. First, the plaintiff may show that the defendant itself caused or created the condition and, therefore, had notice of it. ***Sanders v. State***, 783 S.W.2d 948, 951 (Tenn. Ct. App. 1989); ***Benson v. H.G. Hill Stores, Inc.***, 699 S.W.2d 560, 563 (Tenn. Ct. App. 1985). Second, the plaintiff may show that the dangerous condition existed for so long that the defendant should have known about it. ***Chambliss v. Shoney's, Inc.***, 742 S.W.2d 271, 273 (Tenn. Ct. App. 1987); ***Jones v. Zayre, Inc.***, 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980).

***Ogle v. Winn-Dixie Greenville, Inc.***, 919 S.W.2d 45, 46 (Tenn. Ct. App. 1995). Thus, in order to impose liability on Wal-Mart, Ms. Patterson must show that Wal-Mart either created the dangerous condition or that the dangerous condition "existed for so long that the defendant should have known about it." ***Id.*** Here, the dangerous condition alleged to have caused Ms. Patterson's injury was an orange liquid on the floor.

As previously discussed, Wal-Mart filed a statement of undisputed facts in support of its motion for summary judgment. Ms. Patterson failed to respond to this statement. Accordingly, we will deem these facts as admitted for purposes of summary judgment. *See* ***Cardiac Anesthesia Servs., PLLC v. Jones***, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012) ("It is well-settled that, when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted."); ***Holland v. City of Memphis***, 125 S.W.3d 425, 428–29 (Tenn. Ct. App. 2003) ("Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party."). As is relevant to this issue, Wal-Mart's statement of undisputed facts provides:

> 2. Ms. Patterson slipped in an orange liquid substance in the floor almost immediately after she entered the store.
>
> 3. Ms. Patterson does not know how the orange liquid substance got in the floor of the aisle.
>
> 4. Ms. Patterson does not know how long the orange liquid substance had been in the floor prior to her slipping.
>
> 5. No customers reported to Wal-Mart the presence of the liquid substance in the floor prior to Ms. Patterson's slipping, and none of the Wal-Mart employees who responded to the incident created the allegedly dangerous condition or knew of its presence prior to Ms. Patterson's slipping.

6

6. No Wal-Mart employees reported the presence of the liquid substance in the floor prior to Ms. Patterson's slipping.

(Internal citations omitted). In addition, the affidavit of the Wal-Mart location's co-manager specifically provided that:

5. Wal-Mart's employees are trained to check the aisles of the store as they are working to ensure that the aisle floors are free of merchandise, debris, or spills.

6. No Wal-Mart employees reported the presence of an orange liquid substance in the floor prior to Ms. Patterson's slipping and none of the Wal-Mart employees I interviewed after the accident created the allegedly dangerous condition or knew of its presence prior to Ms. Patterson's slipping.

7. No customers reported to Wal-Mart the presence of an orange liquid substance in the floor prior to Ms. Patterson's slipping.

Again, Ms. Patterson failed to file any response disputing the allegations contained in the above affidavit in the trial court. Accordingly, we will likewise consider the facts contained therein as undisputed for purposes of appeal.

The undisputed facts above clearly establish that Ms. Patterson offered no evidence to show how long the orange liquid had been on the floor or any other evidence regarding how the liquid came to be on the floor. Additionally, the affidavit offered by Wal-Mart established that no Wal-Mart employee created the allegedly dangerous condition. Thus, Wal-Mart's motion demonstrates that Ms. Patterson's evidence is insufficient to show an essential element of her premises liability claim, i.e., either that Wal-Mart created the dangerous condition or that "the dangerous condition existed for so long that the defendant should have known about it." *Ogle*, 919 S.W.2d at 46; *see also* Tenn. Code Ann. § 20-16-101 (requiring only that the moving party establish that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim" to obtain summary judgment). Thus, Wal-Mart is entitled to summary judgment in its favor unless Ms. Patterson can show a dispute of material fact sufficient to defeat summary judgment.

In order to survive summary judgment, Ms. Patterson was required to "respond, and by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, --- S.W.3d --- 2015 WL 6457768, at *22 (Tenn. Oct. 26, 2015) (quoting Tenn. R. Civ. P. 56.06). As the Tennessee Supreme Court recently explained:

The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.* [*v. Zenith Radio Corp.*], 475 U.S. [574,] 586, 106 S.Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 2015 WL 6457768, at *22.

After a thorough review of the record, we conclude that Ms. Patterson failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.* Here, the record contains no affidavits or other evidence presented by Ms. Patterson in response to the motion for summary judgment. *See Greer v. City of Memphis*, 356 S.W.3d 917, 923 (Tenn. Ct. App. 2010) (noting that arguments in the trial court and on appeal are not evidence). Accordingly, the trial court's decision to grant summary judgment in favor of Wal-Mart is affirmed.

## Conclusion

The judgment of the Circuit Court of Shelby County is affirmed. This cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant Teresa Patterson, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE